UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>FEREIDOUN CHAPARLI,<br>　Aka "Fred Chaparli,"<br><br>　　　　　Defendant. | 19CR00659-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud;<br>18 U.S.C. § 1343: Wire Fraud; 18<br>U.S.C. § 1028A(a)(1): Aggravated<br>Identity Theft; 18 U.S.C. § 1014:<br>False Statements to a Financial<br>Institution] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1344(2)]

A.　INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.　Alaska Federal Credit Union ("AFCU") was a financial institution insured by the National Credit Union Administration.

B.　THE FRAUDULENT SCHEME

2.　Beginning on a date unknown to the Grand Jury, and continuing through at least on or about September 19, 2016, in Orange County, within the Central District of California, and elsewhere,

defendant FEREIDOUN CHAPARLI, also known as ("aka") "Fred Chaparli," ("CHAPARLI"), knowingly and with the intent to defraud, devised, executed, and attempted to execute a scheme to obtain money, funds, credits, assets, and other property in the custody and control of AFCU by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3. The fraudulent scheme operated in the following manner:

a. Defendant CHAPARLI would prepare and would cause to be prepared fraudulent Schedule C business net profit and loss tax return documents.

b. To induce AFCU to issue a loan for a 2007 Bentley Continental automobile, defendant CHAPARLI would submit the fraudulent Schedule C forms to a car dealership ("Car Dealership 1") and to AFCU. In doing so, defendant CHAPARLI would falsely represent to Car Dealership 1 and to AFCU that he filed the fraudulent Schedule C forms and reported the income reflected on those forms to the Internal Revenue Service ("IRS") during certain tax years, concealing from Car Dealership 1 and AFCU that, in truth and in fact, CHAPARLI never filed Schedule C forms with the IRS during those tax years.

c. Based, in part, on defendant CHAPARLI's material false and fraudulent representations regarding his tax return documents, AFCU granted CHAPARLI's loan application and financed the purchase of the Bentley.

//
//
//
//
//

C.  EXECUTION OF THE FRAUDULENT SCHEME

4.  On or about September 19, 2016, in Orange County, within the Central District of California, and elsewhere, defendant CHAPARLI caused two fraudulent Schedule C business net profit and loss tax return forms stating that CHAPARLI reported to the IRS "$300,651" in "net profit" in 2014 and "$337,323" in "net profit" in 2015 from his business, Wholesale General Merchandise, to be submitted to AFCU, which constituted an execution of the fraudulent scheme.

COUNTS TWO AND THREE

[18 U.S.C. § 1343]

A. THE SCHEME TO DEFRAUD

5. Beginning on an unknown date and continuing through at least on or about May 31, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant FEREIDOUN CHAPARLI, also known as ("aka") "Fred Chaparli," ("CHAPARLI"), knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Woodside Credit Union ("Woodside") and Putnam Leasing ("Putnam"), exotic car finance lenders, as to material matters, and to obtain money and property from Woodside and Putnam, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The scheme to defraud operated, in substance, in the following manner:

    a. Defendant CHAPARLI would prepare and cause to be prepared fraudulent Form 1040 and fraudulent Schedule C business net profit and loss personal income tax return documents.

    b. To induce Woodside and Putnam to issue loans for luxury cars, defendant CHAPARLI would submit and cause to be submitted the fraudulent tax return documents to two car dealerships ("Car Dealership 1" and "Car Dealership 2") and to Woodside and Putnam.

    c. In doing so, defendant CHAPARLI would falsely represent that he filed the fraudulent tax return documents and reported the income reflected on the documents to the Internal Revenue Service ("IRS") during certain tax years, concealing from Car Dealership 1, Car Dealership 2, Woodside, and Putnam the true Form

4

1040 tax return forms that CHAPARLI actually filed with the IRS, as well as the fact that CHAPARLI never filed Schedule C tax returns with the IRS during the claimed tax years.

   d. On or about March 14, 2017, in order to finance the purchase of a 2006 Lamborghini Murcielago automobile, defendant CHAPARLI submitted and caused to be submitted a loan application from Car Dealership 1 in Costa Mesa, California to Putnam's headquarters in Greenwich, Connecticut. As proof of his purported income, defendant CHAPARLI caused fraudulent Schedule C business net profit and loss personal income tax return documents to be submitted to Putnam.

   e. On or about May 31, 2018, in order to finance the purchase of a 2012 Lamborghini Aventador automobile, defendant CHAPARLI submitted and caused to be submitted a loan application from Car Dealership 2 in Calabasas, California to Woodside. As purported proof of his income, defendant CHAPARLI caused a fraudulent form 1040 personal income tax return document to be submitted to Woodside.

   f. Based, in part, on defendant CHAPARLI's material false and fraudulent representations regarding his tax return documents, Woodside and Putnam granted CHAPARLI's loan application and financed the purchases of the two Lamborghinis.

//
//
//
//
//
//
//
//

B.   ITEMS WIRED

7.   On or about the following dates, within the Central District of California, and elsewhere, for the purpose of executing the scheme to defraud, defendant CHAPARLI caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TWO | 3/14/2017 | CHAPARLI's 2014 and 2015 fraudulent Schedule C tax return forms transmitted from Car Dealership 1 in Costa Mesa, California, to Putnam's headquarters in Greenwich, Connecticut |
| THREE | 5/31/2018 | CHAPARLI's credit reporting data transmitted from Equifax Inc. in Atlanta, Georgia, to Woodside in Newport Beach, California, and to Car Dealership 2 in Calabasas, California |

COUNT FOUR

[18 U.S.C. § 1028A(a)(1)]

On or about May 31, 2018, in Los Angeles County, within the Central District of California, defendant FEREIDOUN CHAPARLI, also known as ("aka") "Fred Chaparli," ("CHAPARLI") knowingly possessed and used, without lawful authority, means of identification that defendant CHAPARLI knew belonged to another person during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Three of this Indictment.

COUNT FIVE

[18 U.S.C. § 1014]

On or about September 19, 2016, in Orange County, within the Central District of California, and elsewhere, defendant FEREIDOUN CHAPARLI, also known as ("aka") "Fred Chaparli," ("CHAPARLI") knowingly made false statements and reports for the purpose of influencing the action of Alaska Federal Credit Union ("AFCU"), an institution the accounts of which were insured by the National Credit Union Administration, in connection with defendant CHAPARLI's application to obtain a loan. Specifically, in an application for a loan from AFCU to buy a 2007 Bentley Continental automobile, defendant CHAPARLI caused two fraudulent Schedule C business net profit and loss tax return forms for 2014 and 2015 to be submitted to AFCU, when, in truth and in fact, as defendant CHAPARLI then well knew, he never filed Schedule C returns with the IRS those tax years.

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

WILLIAM M. ROLLINS
Assistant United States Attorney
Terrorism and Export Crimes Section