NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407
     Facsimile: (213) 894-2927
     E-mail:    william.rollins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-659-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR FRAUDULENT CONDUCT PURSUANT TO RULE 404(B); MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| FEREIDOUN CHAPARLI, aka "Fred Chaparli," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney William M. Rollins, hereby files its motion in limine to admit evidence of prior conduct by defendant FEREIDOUN CHAPARLI ("defendant").

//
//
//

This motion is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 26, 2019            Respectfully submitted,

                                        NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

                    /s/ *William M. Rollins*
WILLIAM M. ROLLINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant FEREIDOUN CHAPARLI ("defendant") is charged with one count of bank fraud (18 U.S.C. § 1344), two counts of wire fraud (18 U.S.C. § 1343), one count of aggravated identity theft (18 U.S.C. § 1028A), and one count of false statements to a financial institution (18 U.S.C. § 1014).  (Dkt. 15.)  The charges arise out of a scheme in which defendant submitted falsified tax return documents inflating his income – including a tax form that contained his wife's name and social security number – to obtain loans for exotic cars.  After defendant fraudulently obtained the loans, he would sell or lease the cars for cash to other buyers and renters without notifying the banks that he no longer possessed the cars.  Defendant was arrested as he attempted to leave the United States for Istanbul on October 16, 2019.[1]

Through the instant motion, the United States seeks to introduce in its case-in-chief evidence of defendant's prior acts pursuant to Federal Rule of Evidence 404(b), to wit: (1) defendant's fraud in connection with a concert promotion scam that allegedly caused $40,000 in losses to a prior business partner in 2013; (2) defendant's embezzlement of at least $90,000 from a commercial bank

---

[1] According to defense counsel, defendant will seek to continue the trial from December 17, 2019 until April 21, 2020, and the government does not oppose defendant's request for a continuance. Thus, should the Court continue the trial, the government does not expect that the Court will need to decide this motion on the current final pretrial conference date (December 3, 2019).  Nevertheless, the government submits this brief now because defendant's application for bail review is scheduled for December 3, 2019 and the prior fraudulent acts relate to defendant's danger to the community and his risk of flight.

account held by a prior business defendant operated jointly with a different victim in 2016; and (3) evidence that defendant received approximately $635,481.71 in deposits during the 2017 tax year and withdrew approximately $634,084.11 that same year (together with the uncharged acts relating to false identity, "Prior Uncharged Acts").

As detailed below, defendant's Prior Uncharged Acts are probative of defendant's knowledge and intent to defraud, and they establish that defendant's use of falsified tax return documents in the instant case was not an accident or mistake.  This prior act evidence – such as the volume and frequency of defendant's recent cash deposits (which are also inextricably intertwined with the charged conduct) and his past conversion of third-party funds for personal gain – further explain defendant's potential motives in falsifying income tax documents and engaging in aggravated identity theft in order to obtain loans for the cars at issue here.  The Prior Uncharged Acts, moreover, are not unduly remote in time, relate to similar small business scams, and are not unfairly prejudicial. Thus, for reasons set forth below, evidence regarding the Prior Convictions and Prior Uncharged Act should be admitted under Federal Rule of Evidence 404(b).[2]

**II.   EVIDENCE TO BE ADMITTED**

On November 6, 2019, the government provided notice of its intent to admit the following prior acts pursuant to Rule 404(b):

- Evidence that defendant defrauded a victim, M.A., out of $40,000 in connection with a purported concert. (Ex. 1.)  According to

---

[2] Alternatively, the government seeks to admit this evidence in a rebuttal case or on cross examination if defendant argues that he acted in good faith, or if he testifies, pursuant to Federal Rules of Evidence 608 and 609.

2

> M.A., defendant asked for cash up front and claimed that defendant would pay singers for a concert at the Palladium. Eventually, M.A. paid defendant a total of $40,000 but the "business deal was found to be fraudulent." (Id.) When M.A. asked defendant for his money back, defendant wrote M.A. a check that could not be cashed and claimed that he would write M.A. another check. (Id.) M.A. filed a police report regarding the fraud with the Los Angeles Police Department ("LAPD") on September 25, 2013. (Id.)

- Evidence that defendant embezzled $90,000 from his business partner, K.H. (Ex. 2.) According K.H., he shared a tire import and distribution business with defendant. (Id.) In January of 2016, K.H. discovered that there was approximately $25,000 missing from the business's joint commercial bank account. (Id.) K.H. learned that defendant had written about $90,000 worth of unauthorized checks from the joint account to "unknown companies." (Id.)[3] K.H. filed a police report with the LAPD on January 22, 2016. (Id.)

The government also seeks to admit bank records showing that defendant received approximately $635,481.71 in deposits during the 2017 tax year and withdrew approximately $634,084.11 that same year. Throughout 2017 – the same year for which defendant submitted a falsified tax return to obtain a loan for a Lamborghini, as charged in the Indictment[4] – defendant also deposited a total of approximately $54,290 in cash into his personal checking account. Of

---

[3] The government is continuing to investigate additional prior allegations of wrongdoing by defendant and reserves the right to seek to admit such acts pursuant to Rule 404(b).

[4] In particular, on or about May 31, 2018, defendant caused a fraudulent 2017 Form 1040 personal income tax return document to be submitted to a car dealership in Calabasas, California. (Dkts. 1, 15.) The return stated that defendant's adjusted gross income for 2017 was $346,573. In fact, the tax return that defendant actually filed with the IRS reported a total of $16,728.

3

the 24 cash deposits defendant made that year, all of the deposits were under the $10,000 threshold that triggers a currency transaction reporting ("CTR") requirement. Such deposits are consistent with a pattern of "structuring," which criminals and criminal organizations often use to conceal an illicit source of income from law enforcement.

## III. THE GOVERNMENT'S PROPOSED 404(b) EVIDENCE IS ADMISSIBLE

As the Supreme Court, the Ninth Circuit, and other courts have repeatedly held, evidence of prior false statements and deceptive acts – particularly when made to obtain money from others – is admissible under Rule 404(b) in a prosecution for subsequent fraud or false statements. Such evidence is probative of the defendant's state of mind, to show that he or she knew that their statements were false or misleading, and did not act by accident or mistake. See Fed. R. Evid. 404(b) (relevant evidence of prior crimes and prior uncharged acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").

Rule 404(b) is a "rule of inclusion," not exclusion. United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007). Evidence covered by Rule 404(b) is admissible if it is "relevant in such a way as to avoid being nothing more than character or propensity evidence." Id.; see also United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005). Furthermore, "[s]imilarity is not always a prerequisite to admissibility under Rule 404(b)," but rather "depend[s] on the evidential hypothesis which is being employed." United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993) (citation omitted).

4

Here, as set forth below, the prior uncharged acts relating to defendant's fraud in his business dealings, as well as the suspicious deposits and withdrawals associated with defendant's bank account in the 2017 tax year, satisfy the conditions for admissibility under Rule 404(b). All of this evidence should thus be admitted for non-propensity purposes at trial.

### A. The Prior Acts of Fraud are Probative of Defendant's Intent and Show the Absence of a Mistake or Accident

First, evidence that defendant previously defrauded two individuals in connection with business dealings in 2013 and 2016, as well as the high-value deposits and withdrawals associated with defendant's bank account in 2017, are probative of his intent and show that his submission of falsified tax return documents here was not the result of a mistake or accident.

Evidence of prior acts going to a defendant's state of mind should generally be admitted. See United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008). This is especially true when the prior acts involve fraud, dishonesty, or false statements. See, e.g., United States v. San Martin, 505 F.2d 918, 922-23 (5th Cir. 1974) ("Prior crimes involving deliberate and carefully premeditated intent - such as fraud and forgery - are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent, such as assault"); Weiss v. United States, 122 F.2d 675, 682 (5th Cir. 1941) (exception to general rule against admission of prior crimes evidence applies where "crime charged is one of a series of swindles or other crimes involving a fraudulent intent, or where crime charged is part of a plan or system of criminal action").

Indeed, the Ninth Circuit has repeatedly held that in fraud cases, evidence of prior crimes involving fraud, dishonesty or false statements is admissible as probative of fraudulent intent, and to negate claims of good faith or ignorance.[5]  For example, United States v. Evans, 796 F.2d 264 (9th Cir. 1986), concerned a prosecution for mail fraud and embezzlement.  The government introduced evidence of the defendant's prior convictions for false statements and mail and securities fraud.  The Ninth Circuit held that such evidence was admissible under Rule 404(b) to show fraudulent intent.  Id. at 265.

Similarly, United States v. Diggs, 649 F.2d 731 (9th Cir. 1981), overruled on other grounds by United States v. McConney, 782 F.2d 1195 (9th Cir. 1984) (en banc), was a prosecution for mail and wire fraud.  In that case, the government introduced evidence that prior to the charged offense, the defendant had used a bank fraudulently to obtain money from other persons.  The Ninth Circuit held that such evidence was admissible under Rule 404(b) as evidence of intent to defraud, among other things.  Id. at 737.  Further, in United States v. Jenkins, 785 F.2d 1387 (9th Cir. 1986), a prosecution for conspiracy to defraud the government through false statements in a Federal Housing Administration loan application, the government introduced evidence that the defendant had previously used fraudulent means to secure conventional loans.  The Ninth Circuit held that such

---

[5] When offered to prove intent, prior bad acts need only be similar enough to "make the existence of the defendant's state of mind more probable than it would be without the evidence." United States v. Blitz, 151 F.3d 1002, 1008 (9th Cir. 1998).  In addition, proof of other acts need only be such that "the jury reasonably could have concluded" that the prior acts occurred.  Huddleston v. United States, 485 U.S. 681, 691 (1988).

6

evidence was properly admitted under Federal Rule of Evidence 404(b) as evidence of intent, knowledge, bad faith, and absence of mistake. Id. at 1395.

Other Ninth Circuit decisions further confirm that prior fraudulent acts are probative of defendant's knowledge, intent, and lack of mistake in a subsequent fraud, and are therefore admissible under Rule 404(b).  See, e.g., United States v. Ford, 632 F.2d 1354, 1375 (9th Cir. 1980) (evidence of embezzlement of funds from a trust admissible to prove intent to embezzle funds in a pension credit scheme); United States v. Sager, 227 F.3d 1138, 1148 (9th Cir. 2000) (evidence of prior conviction for mail fraud held admissible in prosecution for mail theft and possession of stolen mail, to rebut defense claims of innocent explanation for presence and conduct at scene of offense); United States v. Spillone, 879 F.2d 514, 519-20 (9th Cir. 1989) (evidence of prior conviction for extortion held admissible in prosecution for extortion to establish requisite intent element).

Here, similarly, defendant's prior attempts to pass off bad checks after defrauding an investor in 2013, and his embezzlement of company funds without the knowledge of his business partner in 2016, are probative of his knowledge and intent and tend to show that defendant's submission of falsified tax return documents to the lenders here was not the result of an accident, good faith, or mistake.  In addition, the hundreds of thousands of dollars of withdrawals and deposits into defendant's bank account in 2017 help establish that defendant knew the 2017 tax return he submitted to the banks was fraudulent – particularly given that defendant actually

7

reported an adjusted gross income of only $16,728 to the IRS that same year.

Of course, given that defendant actually falsified his reported income for the tax year 2017, the 2017 bank records are separately admissible "for the purpose of providing the context in which the charged crime occurred." United States v. Collins, 90 F.3d 1420, 1428 (9th Cir. 1996). Evidence is considered "inextricably intertwined" when it "'constitutes a part of the transaction that serves as a basis for the criminal charge' or is 'necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" United States v. Rrapi, 175 F.3d 742, 748-49 (9th Cir. 1999) (internal citation omitted) (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)).

**B.   The Prior Acts are Not Unduly Remote in Time**

The Ninth Circuit "has not adopted a bright-line rule concerning remoteness in time." United States v. Rude, 88 F.3d 1538, 1550 (9th Cir. 1996) (citations omitted). However, courts have admitted evidence of acts less remote than those at issue here. See United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989) (acts occurring twelve years ago not too remote); United States v. Smith, 282 F.3d 758, 769 (9th Cir. 2002) (acts occurring eleven years ago not too remote); Rude, 88 F.3d at 1550 (affirming admission of evidence relating to fraudulent transactions dating back seven and eight years). The prior acts of fraud in this case occurred in 2013 and 2016, and defendant's withdrawals and deposits occurred in 2017 -- the same tax year in which he allegedly falsified a tax return here.

8

**IV. THE PROBATIVE VALUE OF THE PROPOSED 404(B) EVIDENCE IS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE**

Finally, there is nothing about any of the proffered 404(b) evidence that would so inflame the jury that it would rise to the level of unfair prejudice. The Ninth Circuit has long recognized the distinction between evidence that is prejudicial and that which is *unfairly* prejudicial: 404(b) evidence "'is not rendered inadmissible because it is of a highly prejudicial nature . . . . The best evidence often is.'" United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1977) (internal citation and quotations omitted); see also Blitz, 151 F.3d at 1009 ("[E]ven if . . . [404(b)] evidence resulted in some prejudice (and all unfavorable evidence about a defendant does), it was not 'unfair prejudice' and did not 'substantially outweigh' the high probative value of the evidence.").

Here, because defendant's prior acts of fraud bear directly on his intent and the absence of mistake in connection with the use of falsified tax documents charged in this case, any prejudice from this evidence would not be "unfair." Moreover, there is nothing about defendant's prior conduct that has the tendency to provoke an emotional response in a significant way that would warrant precluding the evidence at trial. Indeed, the Ninth Circuit has repeatedly upheld admission of considerably more prejudicial Rule 404(b) evidence against a Rule 403 challenge. In Hadley, for example, the Ninth Circuit held that evidence of prior instances of sexual molestation were properly admitted in a sexual abuse case, even where some of the instances had occurred more than ten years earlier. 918 F.2d at 848; see also United States v. Boise, 916 F.2d 497, 502 (9th

9

Cir. 1990) (affirming admission of evidence of prior abuse of child in murder case).

The government also intends to request that the Court give a limiting instruction that will ameliorate any concern of unfair prejudice. This instruction should be given both as the prior conviction documents are entered into evidence by the government, and at the conclusion of the trial with other jury instructions. As the Ninth Circuit has long recognized, a jury is presumed to follow jury instructions that define the limited purposes for which particular evidence is to be considered. See United States v. O'Brien, 601 F.2d 1067, 1070 (9th Cir. 1979) ("Limiting instructions may reduce or eliminate prejudice which would otherwise occur."); United States v. Manning, 56 F.3d 1188, 1197 (9th Cir. 1995) (evidence of prior bombing conviction admissible in trial for murder by mail bomb; limiting instruction indicated that court conducted balancing). With a limiting jury instruction, this evidence will not be so unfairly prejudicial as to substantially outweigh its probative value in showing knowledge, intent, and the absence of mistake.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion in limine, and admit evidence of the Prior Uncharged Acts under Federal Rule of Evidence 404(b).